# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRIMITIVA JIMENEZ VERASTEGUI *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KEVIN MCALEENAN *et al.*, <br><br> *Defendants*. | Civil Action No. 18-2358 (TJK) |

## ORDER

Plaintiffs commenced this action seeking judicial review of the denial of their applications for adjustment of their immigration status. *See* ECF No. 1. On June 5, 2019, a week after Defendants' answer was due, the Clerk of Court entered Defendants' default at the request of Plaintiffs because Defendants had failed to answer or otherwise respond to Plaintiffs' complaint by the deadline set by the Court. *See* ECF No. 19. Two days later, Defendants moved to vacate the Clerk's entry of default and dismiss the complaint. *See* ECF No. 20; ECF No. 21. A week later, Plaintiffs opposed the motion to vacate and moved for default judgment in a consolidated filing. *See* ECF No. 23. For the reasons explained below, Defendants' motion to vacate is **GRANTED**, and Plaintiffs' motion for default judgment is therefore **DENIED**. Defendants' motion to dismiss, however, is **DENIED** without prejudice.

\*     \*     \*

An entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). That determination is left to the discretion of the district court, but "[i]n exercising its discretion, the district court is supposed to consider 'whether (1) the default was willful, (2) a set-aside would prejudice [the] plaintiff, and (3) the alleged defense [is] meritorious.'" *Mohamad v. Rajoub*, 634

F.3d 604, 606 (D.C. Cir. 2011), *aff'd sub nom*, *Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012) (quoting *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980)). Nonetheless, "in this Circuit, 'strong policies favor resolution of disputes on their merits.'" *Republic of Kazakhstan v. Stati*, 325 F.R.D. 507, 509 (D.D.C. 2018) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

To begin with, Plaintiffs contend that Defendants' motion to vacate should be denied on procedural grounds that largely relate to their motion to dismiss. Specifically, Plaintiffs argue that Defendants' motion to dismiss is defective because Defendants neglected to include a certified list of the contents of the administrative record as required by Local Civil Rule 7(n) and further because they did not seek leave of Court to file the motion. ECF No. 22-1 at 20–21. And without a procedurally proper response to the complaint on the docket, Plaintiffs insist, Defendants' motion to vacate is deficient, because it was not "accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part" as required by Local Civil Rule 7(g). ECF No. 22-1 at 20–21.[1] Plaintiffs also allege the Defendants' counsel did not meaningfully confer with Plaintiffs' counsel before moving to vacate the entry of default as required by Local Civil Rule 7(m).

But the Court, in its discretion, concludes that these alleged defects do not warrant denying Defendants' motion to *vacate*. Plaintiffs are correct that Defendants did not seek leave to file their motion to dismiss out of time in accordance with Federal Rule of Civil Procedure 6(b)(1)(B). *See Smith v. District of Columbia*, 430 F.3d 450, 456–57 (D.C. Cir. 2005). For that

---

[1] As Plaintiffs' concede, though, courts "routinely accept and consider motions to set aside entry of default accompanied by motions to dismiss, rather than verified answers." *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 128 (D.D.C. 2009).

reason, the Court will deny Defendants' motion to dismiss without prejudice and afford them an opportunity to refile.

All the same, the Court will not deny Defendants' motion to *vacate* on the basis that Defendants' motion to *dismiss* was procedurally improper. *See Haskins v. U.S. One Transp., LLC*, 755 F. Supp. 2d 126 (D.D.C. 2010) (granting motion to set aside default but denying accompanying dispositive motion because of procedural defects, with a chance to refile). As explained below, the Court is satisfied, upon review of the motion to dismiss, that Defendants are prepared to present a meritorious defense. Furthermore, doing so accords with this Circuit's strong policy in favor of deciding cases on the merits. *See Stati*, 325 F.R.D. at 509 (excusing defendants from Rule 7(g)'s requirement in part because of strong preference to proceed on the merits). Lastly, to the extent that Defendants did not meaningfully confer with Plaintiffs before moving to vacate—Plaintiffs allege that they only received an email a few hours before Defendants filed the motion—given that the intention of Rule 7(m) is to compel parties to try to resolve or narrow disputes prior to involving the Court, it is not clear what purpose denying Defendants' motion on that basis would serve now in light of Plaintiffs' vigorous opposition. In sum, the Court will not deny Defendants the opportunity to participate in this case on these technicalities.

Turning to the merits of Defendants' motion to vacate, Plaintiffs do not contest the first two factors—nor could they. *See* ECF No. 22-1 at 6. As to the willfulness factor, counsel for Defendants represents that he "mistakenly believed he had until [the following] week to file Defendants' response to Plaintiffs' complaint." ECF No. 20 ¶ 2. And upon realizing his error after the Clerk's entry of default, he promptly prepared a response and moved to set aside the default a mere two days later. "To show willfulness, a moving party need not establish bad faith,

3

though it must demonstrate more than mere negligence." *Gray v. Staley*, 310 F.R.D. 32, 35 (D.D.C. 2015). Nothing in the record suggests that counsel for Defendants' conduct amounted to anything beyond carelessness. As to the prejudice factor, Plaintiffs admit that they "cannot be said to be too prejudiced" by Defendants' one-week delay in responding to the complaint. ECF No. 22-1 at 6.

Instead, Plaintiffs emphasize the third factor, but it gets them no further. As Plaintiffs note, Defendants in their motion to dismiss both assert that this Court lacks jurisdiction to review the denial of their immigration applications and dispute the merits of Plaintiffs' claims that the agency misinterpreted the relevant statutory provisions and violated the Administrative Procedure Act. *See* ECF No. 21-1 at 5–8 (jurisdictional argument), 8–15 (statutory argument). In the context of a motion to vacate a Clerk's entry of default, "allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel*, 627 F.2d at 374 (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). Defendants' argument that the agency correctly interpreted and applied the applicable statutory provisions in denying Plaintiffs' applications would—if the Court agreed—constitute a complete defense to Plaintiffs' claims for relief. And reviewing that argument, the Court concludes, at the very least, that it meets the low bar for "meritorious" in this context. Accordingly, the Court finds that this factor weighs in favor of vacatur as well.

Upon consideration of the relevant factors, and particularly in light of this Circuit's strong preference for resolving disputes on the merits, the Court finds that setting aside the entry of default is warranted.

For all these reasons, it is hereby **ORDERED** that Defendants' Motion to Vacate, ECF No. 20, is **GRANTED**. Because Defendants are no longer in default, Plaintiffs' Motion for Default Judgment, ECF No. 23, is **DENIED**.

It is further **ORDERED** that Defendants' Motion to Dismiss, ECF No. 21, is **DENIED** without prejudice. Defendants shall seek leave to answer or otherwise respond to Plaintiffs' complaint no later than June 24, 2019, and any proposed dispositive motion it seeks leave to file shall be accompanied by a certified list of the contents of the administrative record, as required by Local Civil Rule 7(n). Plaintiffs' Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss, ECF No. 24, is thus **DENIED AS MOOT**.

Finally, although the Court determines, in its discretion, that vacating the entry of default is appropriate here, the Court nevertheless finds counsel for Defendants' conduct so far in this action concerning, insofar as that conduct appears to reflect a lack of familiarity with the Federal Rules and this Court's local rules. It is further **ORDERED** that the parties promptly review and familiarize themselves with those rules, as the Court may not look so favorably on "technicalities" in the future.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 20, 2019