## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRIMITIVA JIMENEZ VERASTEGUI *et al.*,<br><br>       *Plaintiffs*,<br><br>   v.<br><br>CHAD WOLF *et al.*,<br><br>       *Defendants*. | Civil Action No. 18-2358 (TJK) |

## MEMORANDUM OPINION

Primitiva Jimenez Verastegui and her husband Rafael Bahena Velasquez, Mexican citizens unlawfully present in the United States, applied for lawful permanent residency or "adjustment of status" in this country under the Immigration and Nationality Act, 8 U.S.C. § 1255. Their applications were denied, and they now request that this Court review those decisions. Defendants argue that this Court has no jurisdiction to do so because Section 1252(a)(2)(B)(i) commands that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." To the contrary, say Plaintiffs, because the decisions to deny their applications turned on a question of law and not the exercise of agency discretion, that jurisdictional bar does not prevent the Court from reviewing them under the Administrative Procedure Act. Although Plaintiffs' position has some support in the case law, the Court ultimately agrees with Defendants that Section 1252(a)(2)(B)(i) means what it says. Thus, it must grant Defendants' motion to dismiss for lack of subject-matter jurisdiction.

## I.    Background

Plaintiffs are aliens unlawfully present in the United States.  ECF No. 1 ("Compl.") ¶¶ 9, 14; ECF No. 29-2 at 6, 12.  In 2015, each completed an I-485 "Application to Register Permanent Residence or Adjust Status" pursuant to 8 U.S.C. § 1255 of the Immigration and Nationality Act (INA).  Compl. ¶¶ 15–16; ECF No. 29-2 at 5, 11.  The year after, United States Citizenship and Immigration Services (USCIS) denied both applications because the agency found them inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(I).[1]  Compl. ¶¶ 19–20; ECF No. 29-2 at 6, 12.  That provision sets a three-year bar on admissibility for applicants who were "unlawfully present in the United States for a period of more than 180 days but less than 1 year," then "voluntarily depart[] the United States" before removal proceedings and "again seek[] admission within 3 years of the date of such alien[s'] departure or removal."  8 U.S.C. § 1182(a)(9)(B)(i)(I).  Plaintiffs requested that USCIS reconsider these decisions, but in December 2016 it reaffirmed them.  ECF No. 29-2 at 4, 10.  Even so, Plaintiffs have not been subject to removal proceedings.  Compl. ¶ 31.

Several years later, Plaintiffs sued the Secretary of Homeland Security and Director of USCIS under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*  They seek (1) a declaration that USCIS's denials of their applications were illegal, arbitrary, and capricious; (2) an order to set aside those decisions; and (3) an order that USCIS re-adjudicate their applications consistent with their interpretation of the statute.[2]  Compl. at 1, 6.

---

[1] This statute codifies Section 212(a)(9)(B)(i)(I) of the Immigration and Nationality Act (INA).

[2] Defendant Chad Wolf, who assumed office as Acting Secretary of Homeland Security in November 2019, is automatically substituted for Kirsten Nielsen under Federal Rule of Civil Procedure 25(d).

Defendants moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).
They argue that USCIS's decisions to deny Plaintiffs' applications were "judgment[s] regarding
the granting of relief under section . . . 1255" that "no court shall have jurisdiction to review," 8
U.S.C. § 1252(a)(2)(B)(i).  ECF No. 29-1 ("MTD") at 6, 9.  Defendants also moved to dismiss
for failure to state a claim under Rule 12(b)(6), arguing that USCIS's decisions reflected a
reasonable interpretation of the three-year bar in 8 U.S.C. § 1182(a)(9)(B)(i)(I).  According to
USCIS, although Plaintiffs first arrived in 1994, for purposes of the statute, they "began to
accrue unlawful presence" only in April 1997, "the date on which the unlawful presence
provisions went into effect.  ECF No. 29-2 at 3, 9.  Then, Defendants argue, "although Plaintiffs
allegedly left the Country voluntarily in 1997, they returned in 1998, which tolled the running of
their three years of inadmissibility[,] thereby making them inadmissible and their adjustment of
status application denialble."  MTD at 9–10.

For their part, Plaintiffs read Section 1252 to permit this Court to decide whether they
"are inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(I), and thereby[] statutorily ineligible for
adjustment of status under 8 U.S.C. § 1255," Compl. ¶ 1, because the issue "is [a] pure question
of law," ECF No. 32-1 ("Opp.") at 13.  And indeed, the parties agree that "the factual findings
upon which the two denials were based are correct in relevant part," Compl. ¶ 8, and "the only
issue in this case is Defendants' interpretation of § 1182(a)(9)(B)(i)(I) that led to the denial of
Plaintiffs' adjustment of status request[s]," MTD at 3 n.1.  Plaintiffs argue that "[t]he correct
interpretation of 8 U.S.C. § 1182(a)(9)(B)(i)(I) is that an alien who was unlawfully present in the
United States for more than 180 days but less than one year, is inadmissible for three years after

the date of departure.  The provision does not require the alien to be absent from the United States for three years and is not tolled by the alien's return."  Opp. at 24–25.[3]

## II.    Legal Standard

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff must prove by a preponderance of the evidence that the Court has jurisdiction.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  In evaluating such a motion, the Court must accept as true factual allegations in the complaint and draw all reasonable inferences in a plaintiff's favor.  *Ctr. for Biological Diversity v. Kempthorne*, 498 F. Supp. 2d 293, 296 (D.D.C. 2007).  Additionally, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.    Analysis

"Like all federal courts, the district court is a court of limited jurisdiction."  *Belhas v. Ya'alon*, 515 F.3d 1279, 1282 (D.C. Cir. 2008).  The jurisdictional source for an APA action is the "federal question" statute, 28 U.S.C. § 1331.  *See Califano v. Sanders*, 430 U.S. 99, 105 (1977).  But the APA itself is not an independent source of jurisdiction.  *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006).  It provides merely that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  And that

---

[3] Plaintiffs also oppose the motion to dismiss for failure to comply with Local Rule 7(n)(1) and provide a certified list of the contents of the record of proceedings.  Opp. at 1, 11–12.  But that list is irrelevant to the Court's determination that it lacks subject-matter jurisdiction, so the Court need not consider that issue.

grant of jurisdiction does not apply when a "statute[] preclude[s] judicial review."  5 U.S.C.

§ 701(a)(1).  The Court holds that the INA does so here.[4]

The relevant part of the INA, 8 U.S.C. § 1252(a)(2)(B), is titled "Denials of discretionary

relief."  It directs that "[n]otwithstanding any other provision of law (statutory or nonstatutory),

. . . and except as provided in subparagraph (D), and regardless of whether the judgment,

decision, or action is made in removal proceedings, *no court shall have jurisdiction to review*":

> (i) *any judgment regarding the granting of relief under section*
> 1182(h), 1182(i), 1229b, 1229c, or *1255* of this title.

> (ii) any other decision or action of the Attorney General or the
> Secretary of Homeland Security the authority for which is
> specified under this subchapter to be in the discretion of the
> Attorney General or the Secretary of Homeland Security, other
> than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).  Subparagraph (D), which Congress added to the

INA through the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302,[5] is titled "Judicial

review of certain legal claims"; it clarifies that despite the INA's bar on judicial review of

agency judgments under Section 1255, "[n]othing in subparagraph (B) . . . shall be construed as

precluding review of constitutional claims or questions of law raised upon a petition for review

---

[4] Plaintiffs argue that when "a statute is reasonably susceptible to divergent interpretation," it is subject to a "presumption favoring interpretations of statutes to allow judicial review of administrative action" that can be overcome only with "clear and convincing evidence."  *Kucana v. Holder*, 558 U.S. 233, 251–52 (2010) (cleaned up); *see* Opp. at 3.  As explained below, the statute at issue bars the Court from exercising subject-matter jurisdiction over this lawsuit, and it is not reasonably susceptible to divergent interpretation.  Thus, no presumption favoring judicial review is warranted.  *See Kucana*, 558 U.S. at 251–52.

[5] Through the REAL ID Act, Congress also added the language "regardless of whether the judgment, decision, or action is made in removal proceedings," 8 U.S.C. § 1252(a)(2)(B), "presumably to resolve a disagreement between some . . . circuits and district courts as to whether § 1252(a)(2)(B) applied outside the context of removal proceedings, given that the majority of the provisions within § 1252 seemingly concern removal orders," *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142 n.13 (11th Cir. 2009).

filed with an appropriate court of appeals in accordance with this section." 8 U.S.C.

§ 1252(a)(2)(D). As the statute makes clear elsewhere, "a petition for review filed with an

appropriate court of appeals . . . [is] the sole and exclusive means for judicial review of an order

of removal." *Id.* § 1252(a)(5).

In summary, through subparagraph (B), "Congress expressly included decisions to deny

relief under § 1255 within this jurisdiction-limiting provision," and in subparagraph (D),

"Congress made explicit that despite the jurisdiction-stripping language of § 1252(a)(2)(B),

courts of appeals"—not district courts—"retain a narrowly circumscribed jurisdiction to resolve

constitutional claims or questions of law raised by aliens seeking discretionary relief," and "only

in the context of removal proceedings." *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d

612, 619–20 (4th Cir. 2010) (cleaned up); *see Schroeck v. Gonzales*, 429 F.3d 947, 950–51 (10th

Cir. 2005) (describing the jurisdiction of courts of appeals).

This suit falls within this jurisdictional bar. Plaintiffs applied for adjustment of status

under 8 U.S.C. § 1255. Compl. ¶¶ 15–16; ECF No. 29-2 at 5, 11. USCIS denied their

applications because it found them inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(I). Compl.

¶¶ 19–20; ECF No. 29-2 at 6, 12. Plaintiffs brought this case to reverse those decisions, Compl.

at 6, and to challenge USCIS's interpretation of 8 U.S.C. § 1182(a)(9)(B)(i)(I) that precludes

Plaintiffs' eligibility "for adjustment of status under 8 U.S.C. § 1255," *id.* ¶ 1. But Section

1252(a)(2)(B)(i) precludes district courts from reviewing such "judgment[s] regarding the

granting of relief under section . . . 1255." *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th

Cir. 2008) ("The law makes clear that we and the district court lack jurisdiction over

determinations made with respect to an I–485 application for permanent resident status under

§ 1255.  The district court thus correctly held that it lacked jurisdiction to review the denial of John's I–485 application.").

To be sure, subparagraph (D) permits judicial review of legal issues affecting the denial of adjustment of status.  But that provision requires a plaintiff to raise those issues (1) directly in the "appropriate court of appeals" and (2) "upon a petition for review" of a final order of removal.  8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5); *Lee*, 592 F.3d at 620; *see McBrearty v. Perryman*, 212 F.3d 985, 986–87 (7th Cir. 2000) (finding a suit challenging the denial of adjustment of status "premature" before "the immigration service institutes removal" proceedings and "barred by the [8 U.S.C. § 1252(a)(2)(B)(i)] door-closing statute").  Instead, by filing this suit, Plaintiffs have challenged their eligibility for adjustment of status under 8 U.S.C. § 1182(a)(9)(B)(i)(I) in a district court, and without removal proceedings pending.  *See* Compl. ¶ 31.

Plaintiffs try to avoid the preclusive scope of Section 1252(a)(2)(B)(i) by inviting the Court to parse the reasoning behind USCIS's denial of the relief sought by Plaintiffs.  They argue that the Court "has jurisdiction to entertain [their] claims because Defendants' denial of Plaintiffs' I-485 applications was based on a pure question of law and not the exercise of discretion."  Opp. at 3–4 (quoting *Mawalla v. Chertoff*, 468 F. Supp. 2d 177, 178 (D.D.C. 2007)).  Although the D.C. Circuit has not considered this question, there is some caselaw—in this jurisdiction and beyond—supporting that proposition.  The problem is that the statutory text does not support it.  In clause (i) of subparagraph (B), Congress barred judicial review of "*any* judgment regarding the granting of relief under section . . . 1255," 8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added).  As the Supreme Court has explained, that clause precludes judicial review over "different form[s] of discretionary relief from removal" that are explicitly "entrusted to the

Attorney General's discretion." *Kucana*, 558 U.S. at 246; *see* 8 U.S.C. § 1252(a)(2)(B) (titled

"Denials of discretionary relief").  Adjustment of status, addressed in Section 1255, is one such

form of relief.  *See* 8 U.S.C. § 1255(i)(2) ("the Attorney General may adjust the status of the

alien to that of an alien lawfully admitted for permanent residence . . . .").  Thus, because the

relief Plaintiffs sought was "made discretionary by legislation," *Kucana*, 558 U.S. at 246–47, it

is of no moment that USCIS's judgment in refusing to grant that relief turned on a legal

interpretation.  *See Lee*, 592 F.3d at 621.  In other words, the statute does not distinguish

"between judgments that are discretionary and judgments that are purely legal." *Djodeir v.*

*Mayorkas*, 657 F. Supp. 2d 22, 24 (D.D.C. 2009).

      In fact, if Congress wanted to permit district courts to review "pure question[s] of law"

decided under Section 1255, Opp. at 3, it "could easily have said so." *Kucana*, 558 U.S. at 248.

Instead, Congress enacted subparagraph (D) through the Real ID Act, which "provides that the

exclusive means of judicial review of a legal issue related to the denial of an adjustment of status

is by a petition for review to the court of appeals." *Lee*, 592 F.3d at 621.

      The reasoning that has led some courts to find otherwise—that Section 1252(a)(2)(B)(i)

does *not* preclude district courts from reviewing "nondiscretionary" judgments or "pure

questions of law" under the enumerated statutes listed in clause (i)—is not persuasive for several

reasons. *See, e.g.*, *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 50–51 (D.D.C. 2011)

      First, some of those courts relied on case law with limited, if any, value in deciding the

precise question at hand.  Some of the cases they cite predate enactment of the REAL ID Act,

which established that the "exclusive means of judicial review of a legal issue related to the

denial of an adjustment of status is by a petition for review to the court of appeals."[6] *Lee*, 592
F.3d at 621. Other such cases, decided *after* the REAL ID Act, represent petitions for review of
final orders of removal directly from the agency to courts of appeals under 8 U.S.C.
§ 1252(a)(2)(D); those cases had no occasion to address the subject-matter jurisdiction of *district*
courts.[7] Still other such cases are distinguishable on more specific procedural grounds.[8]

    Second, in interpreting Section 1252(a)(2)(B)(i)'s bar on review of "any judgment," some
of those courts relied on an implausible interpretation of the term "judgment" espoused by the
Ninth Circuit. That court held that "judgment" should be read to include only those decisions
"involving the exercise of discretion," such that a district court could review USCIS's resolution
of a legal issue on which its decision to deny relief turned. *See Mamigonian v. Biggs*, 710 F.3d
936, 943 (9th Cir. 2013) (quoting *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141 (9th Cir.
2002)). But the phrase "any judgment," on its own, does not suggest any such limitation.[9] More

---

[6] *See, e.g.*, *Sepulveda v. Gonzales*, 407 F.3d 59, 62 (2d Cir. 2005); *Ortiz-Cornejo v. Gonzales*,
400 F.3d 610, 612 (8th Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8, 19 (1st Cir. 2005); *Morales-Morales v. Ashcroft*, 384 F.3d 418, 421–22 (7th Cir. 2004); *Gonzalez-Oropeza v. U.S. Att'y Gen.*,
321 F.3d 1331, 1332–33 (11th Cir. 2003); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141–43 (9th Cir. 2002).

[7] *See, e.g.*, *Ibrahimi v. Holder*, 566 F.3d 758, 764 (8th Cir. 2009).

[8] *See, e.g.*, *Iddir v. I.N.S.*, 301 F.3d 492, 498 (7th Cir. 2002) ("This situation is distinguishable
from one in which the INS does award or deny relief. If the appellants had their applications
heard and were denied adjustment of status under section 1255 on the merits, that would be a
'judgment' or 'decision or action' likely covered by section 1252(a)(2)(B).").

[9] *See* Omnibus Consolidated Appropriations Act, Pub. L. No. 104-208, 110 Stat. 3009 (1996 bill
enacting the jurisdictional bar on "any judgment" in 8 U.S.C. § 1252(a)(2)(B)(i)); *Judgment*,
BLACK'S LAW DICTIONARY (7th ed. 1999) ("A court's final determination of the rights and
obligations of the parties in a case"); *Judgment*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY
(10th ed. 1993) ("a formal utterance of an authoritative opinion"; "a formal decision given by a
court"; "a proposition stating something believed or asserted"); *Judgment*, THE AMERICAN
HERITAGE DICTIONARY OF ENGLISH USAGE (3d ed. 1992) ("An opinion or estimate formed after
consideration or deliberation, especially a formal or authoritative decision").

importantly, that reading conflicts with the Supreme Court's instruction in *Kucana* about the role "discretion" plays in Section 1252(a)(2)(B).  As noted above, in that case the Court explained that the statute strips courts of jurisdiction over all decisions relating to those forms of relief "made discretionary by legislation"—including, explicitly under clause (i), those relating to adjustment of status under Section 1255.  *Kucana*, 558 U.S. at 247.  Simply put, that interpretation of the statute provides no reason to import "discretion" into the meaning of "judgment" to reach an outcome that the statute otherwise forecloses.

Third, some of those courts similarly concluded that "eligibility determinations underlying the agency's decision are non-discretionary determinations that are subject to judicial review."  *Hosseini v. Johnson*, 826 F.3d 354, 359 (6th Cir. 2016).  But again, even assuming an eligibility determination and the agency's ultimate decision on an adjustment of status application can be meaningfully separated, the statute's text and the Court's approach in *Kucana* do not leave room for this conclusion.  The statute strips this Court of its ability to review "any judgment regarding the granting of relief under section . . . 1255."  8 U.S.C. § 1252(a)(2)(B)(i).  That is, the Court is prohibited from reviewing *any* judgment—not merely *some* judgments— "regarding" that relief, which would include any related eligibility determinations.  As a practical matter, though, eligibility determinations "cannot be divorced from the denial itself," *Lee*, 592 F.3d at 620.  And the relief requested in this case bears that out.  Plaintiffs do not merely ask that the Court hold that USCIS applied the statute incorrectly, they ask that it set aside the resulting "conclusions as to the Residency Applications," that is, USCIS's ultimate denials of their applications for adjustment of status.  Compl. at 6.  These are, without a doubt, unreviewable "judgment[s] regarding the granting of relief under section . . . 1255."  8 U.S.C. § 1252(a)(2)(B)(i).

## IV.    Conclusion

For all these reasons, the Court lacks subject-matter jurisdiction over this case.  Thus, it must grant Defendants' Motion to Dismiss, ECF No. 29.  A separate order will issue.


/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 18, 2020